ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EMMANUEL FUENTES ENRÍQUEZ,<br><br>Recurrente,<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN,<br><br>Recurrida. | KLRA202400025 | REVISIÓN procedente del Departamento de Corrección y Rehabilitación.<br><br>Sobre: incentivo federal (Covid). |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 15 de febrero de 2024.

La parte recurrente, señor Emmanuel Fuentes Enríquez (señor Fuentes), instó el presente recurso por derecho propio el 17 de enero de 2023. Examinado el recurso, nos percatamos de que el señor Fuentes no canceló los aranceles de presentación, ni presentó su solicitud para litigar en forma *pauperis*. Así las cosas, este Tribunal, mediante la *Resolución* emitida el 25 de enero de 2024, le otorgó un término de 10 días, computado a partir de la notificación de esta, para someter el formulario debidamente cumplimentado y juramentado[1]. Además, se le instruyó para que, en el mismo término, presentara todos los documentos pertinentes al recurso, so pena de desestimación.

Según consta en autos, la *Resolución* emitida fue notificada el 26 de enero de 2024. Sin embargo, a esta fecha y transcurrido el término concedido, el señor Fuentes no ha comparecido.

En su consecuencia, nos es forzoso **desestimar** el recurso por el craso incumplimiento del recurrente con las leyes y los reglamentos aplicables.

---

[1] Además, se instruyó a Secretaría que hiciera llegar al señor Rivera el formulario intitulado *Declaración en apoyo de solicitud para litigar como indigente (in forma pauperis)*.

Número identificador

SEN2024_____

I

A

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) los tribunales deben auscultar su propia jurisdicción; (5) los tribunales apelativos debemos examinar la jurisdicción del foro de donde procede el recurso; y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal *motu proprio. Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, a la pág. 855. Por su parte, la Regla 83 (C) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C), nos permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (B) de la Regla 83. En específico, la Regla 83 (B) (1) provee para la desestimación de un pleito por falta de jurisdicción.

B

En nuestro sistema judicial, el recurso de apelación no es automático; presupone una notificación, un diligenciamiento y

su **perfeccionamiento**. Se presume, además, que nuestros tribunales actúan con corrección, por lo que compete al apelante la obligación de demostrar lo contrario. Por lo tanto, **el apelante o en este caso la parte recurrida**, tiene la **obligación** de perfeccionar su recurso según lo exige la ley y el Reglamento de este Tribunal de Apelaciones, para así colocar a este foro apelativo en posición de poder revisar al tribunal primario. Además, de no perfeccionarse un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo **no adquiere jurisdicción** para entender en el recurso presentado. *Morán v. Martí*, 165 DPR 356, 367 (2005).

Así pues, las normas que rigen el perfeccionamiento de **todos** los recursos apelativos deben observarse rigurosamente. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). Ello, ante la necesidad de colocar a los tribunales apelativos "en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí". *Íd.*

Es menester destacar que el Tribunal Supremo de Puerto Rico ha sido enfático al expresar que, de no observarse las disposiciones reglamentarias al respecto, nuestro ordenamiento autoriza la desestimación del recurso. *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). Sin embargo, ante la severidad de esta sanción, el Tribunal Supremo exige que nos aseguremos de que el incumplimiento con las disposiciones reglamentarias aplicables haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002). A modo de ejemplo, "[u]n recurso que carece de un apéndice, con los documentos necesarios *para poner al tribunal en posición de resolver*, **impide** su consideración en los méritos". *Íd.* (Énfasis nuestro; bastardillas en el original).

Reconocemos que la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía,

flexibilizando los procesos apelativos. **Sin embargo, ello no supuso dar al traste con los requisitos mínimos exigidos para atender ordenadamente los recursos que se presentan ante este foro apelativo intermedio**. Mucho menos pretendió eliminar los términos jurisdiccionales para acudir en alzada. *Morán v. Martí*, 165 DPR, a las págs. 368-369.

Debemos tener presente, además, que la verificación de todos los requisitos de forma y de contenido previstos para las diversas gestiones apelativas, no solo resulta en beneficio del foro intermedio, sino también de la parte contra la cual las mismas se prosiguen. *Soto Pino v. Uno Radio Group*, 189 DPR, a la pág. 90.

Por último, debemos apuntar que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, **no** justifica que ellas incumplan con las reglas procesales. Ello cobra mayor importancia en el caso de aquellas normas procesales que establecen términos jurisdiccionales o de cumplimiento estricto. *Febles v. Romar,* 159 DPR 714, 722 (2003).

C

Entre los requisitos a satisfacer en los recursos de revisión judicial de determinaciones finales y firmes administrativas, la Regla 59 de nuestro Reglamento exige la inclusión de: la cubierta; el epígrafe; la información de los abogados y las partes; la información del caso; un índice; señalamientos de error y un apéndice, entre otros requisitos. 4 LPRA Ap. XXII-B, R. 59. Con respecto al apéndice, este deberá contener copia de las alegaciones de las partes ante la agencia; la determinación recurrida; toda moción, resolución u orden necesaria para establecer la jurisdicción de este Tribunal o que sea pertinente a la controversia. *Íd.*

Reiteramos lo apuntado por el Tribunal Supremo de Puerto Rico, a los efectos de que el mero hecho de que una parte comparezca por derecho propio, por sí solo, **no** puede justificar el incumplimiento con las reglas procesales. *Febles v. Romar,* 159 DPR, a la pág. 722.

II

Un examen del trámite del recurso que nos ocupa revela que el recurrente **no nos colocó en posición de auscultar nuestra jurisdicción o de ejercer nuestra función revisora**. Esto, pues el señor Fuentes no demostró que recurriese de determinación administrativa final alguna sujeta a nuestra facultad revisora. El expediente solo contiene un recurso escueto, mediante el cual señala que no se ha reflejado el desembolso total del incentivo económico federal por el COVID-19 y una factura emitida por la agencia recurrida.

Según citado, este foro únicamente podrá revisar, como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, las decisiones finales de los organismos y agencias administrativas y, de forma discrecional, cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia.

III

Por tanto, ante la incomparecencia e incumplimiento del señor Fuentes, **desestimamos** este recurso.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones